IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| WILLIAM DELBERT BALDWIN,<br><br>Petitioner,<br><br>vs.<br><br>SUPERINTENDENT THOMPSON, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF ERIE COUNTY,<br><br>Respondents. | Civil Action No. 1:23-cv-0334<br><br>United States Magistrate Judge Christopher B. Brown |

MEMORANDUM OPINION[1]

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

## I.  INTRODUCTION

Petitioner, William Delbert Baldwin, is a state prisoner currently incarcerated in the State Correctional Institution at Albion. He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 5. The Petition was served and Respondent, the District Attorney of Erie County (the "District Attorney"), filed a Motion to Dismiss arguing the Petition should be dismissed on a number of grounds. ECF No. 7. Specifically, the District Attorney argues the Petition should be dismissed because Baldwin has not complied with the applicable statute of limitations, has failed to exhaust his state court remedies, has failed to adequately specify the grounds for relief and the facts supporting each ground, and

---

[1]  All parties have consented to jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636. *See* ECF Nos. 2 and 11.

1

the Petition is without merit. *Id.*, ¶ 14. Baldwin was ordered to file a response by July 31, 2024. ECF No. 9. To date, Baldwin has not filed a response nor has he asked for an extension of time in which to do so.

Critically, however, it appears this Court lacks jurisdiction because this is a second or successive petition that Baldwin filed without prior authorization from the United States Court of Appeals for the Third Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Petition will be dismissed for lack of jurisdiction and a certificate of appealability will be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Further, the motion to dismiss will be denied without prejudice.

## II.     RELEVANT BACKGROUND

On November 28, 1995, Baldwin plead guilty to three counts each of Rape and Statutory Rape, four counts of Indecent Assault, and one count of Involuntary Deviate Sexual Intercourse and Corruption of Minors, Criminal Cases No. CP-25-CR-0002396-1995 and CP-25-CR-0002397-1995, in the Court of Common Pleas of Erie County. *See Baldwin v. Commonwealth of Pennsylvania*, C.A. 09-cv-74-Erie (W.D.P.A.), ECF No. 19 ("*Baldwin I*"). Baldwin's original sentence was imposed on January 3, 1996, but after reconsideration, a modified aggregate sentence of 45-1/2 to 95 years imprisonment was imposed on February 8, 1996. *Id.* at p.2. On appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on November 20, 1996. *Id.* Baldwin did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. *Id.*

On July 15, 1997, Baldwin filed his first petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA petition"). *Id*. The PCRA petition was dismissed by the state court on September 1, 1997, as Baldwin had failed to set forth sufficient grounds for relief. *Id*. Baldwin subsequently filed at least nine unsuccessful PCRA petitions. ECF No. 7-1.

Baldwin filed his first habeas petition in this Court on April 6, 2009, challenging his convictions at Criminal Cases No. CP-25-CR-0002396-1995 and CP-25-CR-0002397-1995 claiming a violation of due process in that he is serving an unlawful sentence because his plea agreement was not honored when he was sentenced. *See Baldwin I,* ECF No. 5. The case was docketed at Civil Action No. 1:09-cv-0074 and assigned to then-Magistrate Judge Susan Paradise Baxter. *Id*., ECF No. 1.[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in the case, including entry of a final judgment. *Id*., ECF Nos. 3 and 13. On July 30, 2010, Judge Baxter dismissed the petition as untimely and denied a certificate of appealability. ECF No. 19. Baldwin did not file appeal.

Approximately thirteen years later, on November 21, 2023, the Clerk of Court received the instant federal habeas petition in which Baldwin again challenges his 1996 judgment of sentence. ECF No. 1. Baldwin seems to be arguing that he is entitled to habeas relief on two new grounds: (1) the trial judge "is related to the victim" and (2) Erie County told him not to "appeal my case to Federal Court." ECF

---

[2] Judge Susan Paradise Baxter was sworn in as an Article III federal judge on September 17, 2018. *See* https://www.pawd.uscourts.gov/content/susan-paradise-baxter-district-judge.

No. 5. As relief, Baldwin seeks "time served and discharged" and "Erie Courthouse" to be investigated. *Id.* at p. 15.

## III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same state court judgment of sentence that he previously challenged in federal habeas, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-33 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* 28 U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are unauthorized second or successive filings. *See., e.g., Burton v. Stewart*, 549 U.S. 147, 152 (2007); *see also Goldblum v. Klem,* 510 F.3d 204, 217 (3d Cir. 2007).

The record is clear Baldwin has not obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive petition. Thus, because Baldwin has not obtained the required authorization, the instant Petition

4

constitutes an unauthorized second or successive petition.[3] The statute provides that the district court <u>shall</u> dismiss a second or successive petition that has not been authorized by the court of appeals. 28 U.S.C. § 2244(b)(1). Therefore, the Court will dismiss the instant petition for lack of jurisdiction.

### IV.   CERTIFICATE OF APPEALABILITY

Reasonable jurists would all agree Baldwin has not shown he obtained leave from the United States Court of Appeals for the Third Circuit to file a second or successive habeas corpus petition. Reasonable jurists would also agree this Court lacks jurisdiction and authority to consider the second or successive habeas petition without proof of such leave. *See, e.g., Slack v. McDaniel*, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where the court does not address the petition on the merits but on some procedural basis). Accordingly, a certificate of appealability will be denied.

### V.   CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus will be dismissed for lack of jurisdiction and a certificate of appealability will be denied. In light of this, the District Attorney's motion to dismiss will be denied without prejudice.

An appropriate Order follows.

---

[3] This Memorandum Opinion should not be read as a comment upon the merits of any claim Baldwin could raise in a second or successive habeas petition challenging his judgment of sentence, or whether such petition would be subject to dismissal on other grounds.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc: **WILLIAM DELBERT BALDWIN**
CX5697
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475-0001
(via U.S. First Class Mail)

**Michael E. Burns**
Office of the District Attorney
Erie County Courthouse
(via ECF electronic notification)